# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RAMON ALEJANDRO MAGALLANES-CARTA,<br><br>    Defendant. | Case No. 2:19-CR-20010-JAR-1 |

## MEMORANDUM AND ORDER

Defendant Ramon Alejandro Magallanes-Carta is charged in an Indictment with illegal re-entry into the United States after a previous removal/deportation in violation of 8 U.S.C. § 1326(a). This matter is before the Court on Defendant's Motion to Dismiss Indictment (Doc. 28), filed on June 20, 2019. The Government responded on July 5, 2019. The Court held a hearing on the matter on August 27, 2019 and is prepared to rule. For the reasons stated below, the Court **denies** Defendant's motion.

## I. Factual Background

Defendant has been in continuous state custody since November 2016.

On April 29, 2014, Defendant was convicted of Fleeing to Elude a Law Enforcement Officer in the Wyandotte County, Kansas District Court, and he was sentenced to eight months' imprisonment, followed by probation.[1] On June 10, 2014, U.S. Immigrations and Customs Enforcement/Enforcement and Removal Operations ("ICE") officials arrested Defendant upon his release from the Wyandotte County Detention facility. An immigration judge ordered

---
[1] Gov't Ex. 1.

Defendant's removal from the United States,[2] and immigration officials subsequently removed him on June 27, 2014. Sometime thereafter, Defendant reentered the United States.

On May 17, 2017, Defendant was sentenced in the Wyandotte County, Kansas District Court to twelve months' imprisonment, consecutive to the underlying eight months from the April 2014 case, for a November 23, 2016 offense of Fleeing to Elude a Law Enforcement Officer.[3] On July 27, 2017, an immigration detainer was issued to the KDOC, which put the KDOC on notice that there was probable cause to believe Defendant was removable or lacked current lawful status in the United States.[4] This signaled that Defendant should be remanded to ICE custody upon his release.

Defendant appeared before the Johnson County, Kansas District Court on May 17, 2018 on a September 2014 arrest warrant for Burglary of a Motor Vehicle.[5] On June 27, 2018, he pled guilty in the Johnson County, Kansas District Court to the September 2014 charge, and on August 17, 2018, he was sentenced to ten months' imprisonment and twelve months' supervised release.[6] Defendant was in ICE custody for a two-day window in 2017 before being surrendered to Johnson County, but there is no indication that ICE sought federal charges at this time. On August 28, 2018, an immigration detainer was issued to Johnson County for Defendant, which followed Defendant from the Johnson County jail to KDOC custody.[7]

Defendant served his Johnson County sentence until January 2019 at the Hutchinson Correctional Facility. ICE officials arrested Defendant on January 16, 2019 upon his release

---

[2] Gov't Ex. 2.
[3] Gov't Ex. 4.
[4] Gov't Ex. 5.
[5] Gov't Ex. 3.
[6] *Id.*
[7] Gov't Ex. 6.

from the Hutchinson Correctional Facility. On January 29, 2019, Defendant was charged with one count of unlawful re-entry, and on February 13, 2019, the Grand Jury returned an Indictment with the same unlawful re-entry count against Defendant. Special Agent Benjamin Gatroste, an ICE criminal investigator, testified that it is the general practice to wait to pursue a federal criminal charge until after a defendant finishes a sentence for state crimes.

**II.      Discussion**

Defendant argues for dismissal of the Indictment based on violations of his Fifth and Fourteenth Amendment rights due to delay in issuing the Indictment. It is undisputed that the Government charged Defendant with violating 8 U.S.C. § 1326(a) within the applicable five-year statute of limitations proscribed by 18 U.S.C. § 3282(a). While the statutes of limitation prevent "overly stale criminal charges," the Due Process Clause of the Fifth Amendment requires an indictment be dismissed if the defendant shows that "the pre-indictment delay . . . caused substantial prejudice to [the defendant's] rights to a fair trial and that the delay was an intentional device to gain a tactical advantage over the accused."[8] "[T]o prosecute a defendant following an investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time."[9] To meet the burden of showing substantial prejudice, a defendant must demonstrate "actual prejudice."[10] A "real possibility of prejudice inherent in any extended delay" is insufficient.[11] Moreover, "'[t]o constitute a showing of actual

---

[8] *United States v. Marion*, 404 U.S. 307, 322, 324 (1971).

[9] *United States v. Lovasco*, 431 U.S. 783, 796 (1977).

[10] *See id.* at 325 ("No actual prejudice to the conduct of the defense is alleged or proved[.]").

[11] *See id.* at 325

prejudice' . . . 'the defendant must show that he has suffered definite and not speculative prejudice.'"[12]

Defendant argues that the Government's deferral in filing an illegal re-entry charge until January 19, 2019—after he served his state sentence—constitutes an unconstitutionally prejudicial pre-indictment delay, and that the delay was solely to gain a tactical advantage. Specifically, Defendant argues that the timing of the charge prevented him from seeking a federal sentence concurrent with his state sentence under section 5G1.3 of the United States Sentencing Commission Guidelines Manual. He additionally asserts that he was unable to seek good time credit or time served for the state custody.

Under Tenth Circuit precedent, the mere possibility of a concurrent sentence is too speculative to constitute prejudice on a motion to quash indictment.[13] In *Madden*, the Tenth Circuit held that a four-year delay in indictment resulting in consecutive, as opposed to concurrent, state and federal sentences, only constituted speculative prejudice.[14] Here, Defendant has shown nothing more than speculative prejudice that, had his federal Indictment been filed earlier, he *could* have received a sentence concurrent with the state sentences he served from 2016 through 2019 and *could* have received good time credit or time served. The Court finds this speculation is insufficient to demonstrate actual prejudice. Accordingly, the Court finds that Defendant has not shown substantial prejudice caused by any delay in filing the Indictment.

---

[12] *United States v. Madden*, 682 F.3d 920, 929 (10th Cir. 2012) (quoting *United States v. Colonna*, 360 F.3d 1169, 1177 (10th Cir. 2004)).

[13] *Id.*

[14] *Id.* at 929–30.unav

Further, assuming arguendo that Defendant can show prejudice by the delay in indictment, he cannot demonstrate that the Government intentionally delayed prosecution to gain a tactical advantage.  Defendant asserts that the Government did not have a valid claim for an investigative delay because the offense of re-entering the United States unlawfully could only have been committed before he began his state sentence.  However, Defendant does not demonstrate—and admits that that he cannot show—how any delay in bringing the indictment harms his defense by resulting in an unavailability of records, witnesses, or other evidence.  Moreover, Special Agent Gatroste testified that it is the general practice in state cases to decide whether to pursue federal charges after the defendant has completed their sentence.  Accordingly, the Court does not find anything in the record before it that indicates the Government's pre-indictment delay was intentional or done with the intent to gain a tactical advantage.  Therefore, Defendant cannot establish a violation of his Fifth Amendment due process rights.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss Indictment (Doc. 28) is denied.

Dated: August 30, 2019

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE